Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
*Attorneys for Plaintiff Roger Dorland*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| ROGER DORLAND<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MAJESTIC LAKE FINANCIAL, INC,<br><br>　　　　Defendant(s). | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　**1. TCPA, 47 U.S.C. § 227**<br><br>　**2. Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Roger Dorland ("Plaintiff"), through his attorneys, alleges the following against Majestic Lake Financial, LLC, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)* and *28 U.S.C. 1391(d)* in that Defendant resides in the State of California.

5. Defendant resides and transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada.

7. Defendant is engaged in the business of providing short-term consumer loans with its principal place of business located in Upper Lake, California.

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect a debt from Plaintiff.

10. In or around October of 2016, Defendant Majestic Lake Financial, Inc. ("MLF") began placing calls to Plaintiff on his cellular phone number (734) 626-4208, in an attempt to collect an alleged debt.

11. The calls placed by Defendant mainly originated from (844) 427-1396 and (844) 253-4557.

12. On or about November 1, 2016, at 9:49 p.m., Plaintiff answered a call originating from (844) 427-1396 and spoke with a representative from MLF. Defendant's representative informed Plaintiff it was attempting to collect a debt.

13. During the call, Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

14. On or about January 3, 2017 at 1:55 p.m., Plaintiff answered a call originating from (844) 253-4557 and spoke with a representative from MLF.

Defendant's representative informed Plaintiff it was attempting to collect a debt.

15. During the call, Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's second request not to be contacted, Defendant continued to call Plaintiff.

16. On or about February 15, 2017 at 9:33 a.m., Plaintiff answered a call originating from (844) 253-4557 and spoke with a representative from MLF. Defendant's representative informed Plaintiff it was attempting to collect a debt.

17. During the call, Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's third request not to be contacted, Defendant continued to call Plaintiff.

18. On or about March 23, 2017 at 9:29 a.m., Plaintiff answered a call originating from (844) 253-4557 and spoke with a representative from MLF. Defendant's representative informed Plaintiff it was attempting to collect a debt.

19. During the call, Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's fourth request not to be contacted, Defendant continued to call Plaintiff.

20. On or about May 3, 2017 at 9:30 a.m., Plaintiff answered a call originating from (844) 253-4557 and spoke with a representative from MLF. Defendant's representative informed Plaintiff it was attempting to collect a debt.

21. During the call, Plaintiff unequivocally revoked consent to be called any further.   Despite Plaintiff's fifth request not to be contacted, Defendant continued to call Plaintiff.

22. Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

23. Between November 1, 2016 and May 26, 2017, Defendant called Plaintiff no less than two hundred (200) times.

24. Defendant relentlessly called Plaintiff's phone nearly every day for seven months.   The calls not only induced stress, but also anxiety that his work would be affected in a negative manner due to the daily incessant calls to his cellular phone.

25. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware,

when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

26. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." Id.

27. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." Id. at 14091-92, paras. 132-33.

28. Defendant consistently called Plaintiff around the same time every day, indicating the use of a predictive dialer.

29. For example, Defendant called Plaintiff at 9:02 a.m. (December 7, 2016), 8:52 a.m. (December 9, 2016), 9:05 a.m. (December 21, 2016), 9:38 a.m. (December 16, 2016), and 9:10 a.m. (December 22, 2016).

30. Defendant has a history of violating consumer protection laws.

31. On or about April 27, 2017 the Consumer Financial Protection Bureau ("CFPB") filed a lawsuit in the Northern District of Illinois against MLF and three other defendants for their "deceptive, unfair, and abusive" tactics. (*See* 1:17:cv-03155)

32. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**Defendant Majestic Lake Financial's Violations of the TCPA, 47 U.S.C. § 227**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

35. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

36. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

37. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for calls to cease.

   b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls nearly every day for seven months.

c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Roger Dorland, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: September 11, 2017

By:*/s/ Stuart Price*
Stuart Price, Esq.
stuart@pricelawgroup.com
*Attorneys for Plaintiff, Roger Dorland*